65430. PINES v. THE STATE.

POPE, Judge.

James Arnold Pines, Jr. was convicted of possession of controlled substances with intent to distribute. He appeals the denial of his motion to suppress evidence.

At the hearing on this motion, Detective R. M. Fuller of the Fulton County South Metro Narcotics Squad testified that on January 19, 1982 he received a telephone call from the manager of the Howard Johnson's Motel at Roswell Road and I-285. The manager told him that two of her housekeepers while cleaning rooms had seen some suspected drugs in clear view in an open, reddish-brown satchel that was in the room. Fuller had known the manager for some years in the course of his police work in the area and recognized her voice on the telephone. The housekeepers identified the suspected drugs as cocaine and "reefer," or marijuana. Fuller asked the manager for the name of the person registered in that room and what kind of car he was driving. The manager gave him the names of Pines and another man and stated that they were driving a white Corvette with Georgia license tag number NHA 837. Fuller immediately called in to check the registration of this vehicle and determined that it was registered to Pines. He then called the North Fulton precinct, since it was close to the motel, to request that they send someone for surveillance, and when he was told that there were no officers available, he contacted a detective from his own precinct on his police radio. Fuller relayed the

information concerning his telephone conversation to this detective, J. A. Jerguson, and "asked him to put up a surveillance at that location, see if they would leave . . . and to advise [Fuller] that if any subjects came out and got into the vehicle itself and if they were attempting to leave the area."

Fuller kept in radio communication with Jerguson while driving to the scene, and as he approached the area Jerguson stated that two men had come out of the motel, one of whom was carrying a reddish-brown satchel, had gotten into the white Corvette and were apparently leaving the premises. Fuller and several other police vehicles set up a surveillance at a near-by intersection and when the white Corvette drove by, it was stopped. Fuller told the two men inside that the police had reason to believe they were transporting illegal drugs in the car, "and asked them to exit the vehicle and to obtain some driver's license from each of the people." Pines indicated that he was the owner of the automobile and when asked if he would consent to a search, he refused. Fuller took both men into custody, called a wrecker and had the car towed to the North Fulton precinct. Until a search warrant could be obtained, a uniformed officer guarded the locked car.

A search warrant was obtained on the following affidavit handwritten and signed by Fuller: "On Jan. 19, 1982 at approximately 1215 hrs. PM received information from a reliable source that the above subject accompanied by another white male were leaving the Howard Johnson's Motel located at I-285 and Roswell Rd. and would have in their possession suspected cocaine and marijuana. Time was of the essence and this affiant did not have time to obtain a search warrant for the above described vehicle.

"Based on the above information affiant believes that the above described vehicle contains cocaine and marijuana. Affiant requests that a search warrant be issued for the above described vehicle being used in the transportation of illegal drugs."

Fuller also testified that he "presented an oral affidavit" to the magistrate, but defense counsel objected to further testimony on grounds that no proper foundation had been laid and that there was no transcript or record of this testimony. The magistrate was called as a witness at this time and asked whether he recalled any oral testimony given by Detective Fuller in conjunction with issuance of the warrant. Although he had "no present, independent, reliable recollection" as to that particular occasion, the magistrate stated that he had a general practice in regard to issuing any search warrant and that "under the circumstances of the contents" of the instant warrant, he would have asked for additional testimony from the officer. The bailiff testified that it was "not usually" the magistrate's

practice to take oral testimony, unless "he wanted some extra background that they might not have put in." The bailiff was in and out of the room during the issuance of the warrant, and while he remembered seeing the magistrate sign it, he heard no oral testimony. The trial judge overruled the objection and allowed Detective Fuller to testify as to the oral testimony he gave to the magistrate. We pause to note, however, that the 'better practice in presenting such testimony on a motion to suppress would be' via an official record or transcript of the hearing before the magistrate, rather than relying solely on the recollection of the affiant. In the absence of official recordation, we encourage magistrates to make some *written* notation or memorandum as to any *oral* testimony presented to them in support of the issuance of a warrant.

Fuller then testified that he relayed to the magistrate his telephone conversation with the housekeepers at the motel about the suspected drugs seen in the reddish-brown satchel and also that the suspects had left the motel carrying the satchel. The magistrate issued the warrant and Fuller searched the Corvette, which contained no trunk. Found in an open area behind the seats were, among other personal articles, a brown zippered bag with an automatic pistol loaded with five rounds of ammunition and a reddish-brown zippered bag or briefcase containing over $4,000 in cash, assorted pills and capsules, and substances in several clear plastic bags later determined to be cocaine, marijuana and a powder used as a cutting agent for cocaine.

Appellant's first challenge to the denial of his motion to suppress is based upon his contention that the search of his vehicle was made pursuant to an invalid search warrant. Specifically, appellant claims that the warrant was issued without a sufficient showing of probable cause. Pretermitting a decision on this issue, however, is the question of whether a warrant was even required for the search and seizure of appellant's vehicle. Resolution of this issue is controlled by *State v. Bradley,* 138 Ga. App. 800 (2) (227 SE2d 776) (1976).

We note that the police officers had sufficient probable cause to arrest the appellant without a warrant. The police knew that two eyewitnesses had seen the purported illegal drugs in a reddish-brown satchel in appellant's room; that appellant was the registered owner of a white Corvette; and that Officer Jerguson had observed the two suspects leaving their room carrying the satchel to this car. When they attempted to drive away and the automobile was halted and appellant and his companion were arrested, a search of the passenger compartment of the car was clearly authorized, either on the spot or after towing it to the police precinct. See *Conrad v. State,* 160 Ga.

App. 909 (288 SE2d 618) (1982); *Ivory v. State,* 160 Ga. App. 193 (1) (286 SE2d 435) (1981). See generally *State v. Hopkins,* 163 Ga. App. 141 (2) (293 SE2d 529) (1982). Thus, even if it were determined that a defective warrant had been issued between the time of the arrest and the search, this would not "destroy the validity of that search as a 'reasonable' warrantless search." *State v. Bradley,* supra at 804. Accordingly, we hold that the search was justified as a warrantless search based upon probable cause. The trial court was, thus, correct in denying appellant's motion to suppress the evidence gained as a result of the subject search.

Appellant claims that the search is not justifiable as an exception to the warrant requirement. Relying upon this court's opinion in *Hardwick v. State,* 149 Ga. App. 291 (254 SE2d 384) (1979), appellant asserts that the police in the case sub judice created the exigent circumstances necessary to justify a warrantless search when appellant and his companion were allowed to enter appellant's automobile with the satchel and then to drive away from the motel. We disagree. Although appellant and his companion were under surveillance by Officer Jerguson during their departure from their room and subsequently the motel premises, there was testimony to show that Officer Jerguson was observing their movements until Detective Fuller could join him. By the time that Detective Fuller arrived in the area and positioned himself to arrest appellant, the two occupants of the motel room had already left the parking lot and reached Roswell Road. The entire episode from the initial telephone call by the motel manager to Detective Fuller to the arrest spanned approximately thirty minutes to an hour. On these facts we simply do not find that the police unduly delayed confrontation in order to allow the development of exigent circumstances.

In any event, "[t]he trial court resolved the issue in favor of denying the motion to suppress. '(T)he trial court's decision on questions of fact and credibility at a suppression hearing must be accepted unless clearly erroneous. Lego v. Twomey, 404 U. S. 477 (1972) . . .' [Cits.] Those findings denying the motion to suppress are supported by evidence and are not clearly erroneous." *Pressel v. State,* 163 Ga. App. 188, 189-90 (292 SE2d 553) (1982).

*Judgment affirmed. Quillian, P. J., and Sognier, J., concur.*

DECIDED MAY 23, 1983.

*Robert G. Fierer, Steven A. Westby,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Jerry W. Baxter, Assistant District Attorneys,* for appellee.