A90A0801. PERKINS v. THE STATE.
(398 SE2d 702)

COOPER, Judge.

In May 1989, a detective with the sheriff's department received information from a "concerned citizen," who the detective knew to be a reliable person, regarding possible criminal activity. The detective passed the information on to Deputy Craft ("Craft"), who conducted the ensuing investigation and testified at trial. The "concerned citizen" was a business owner who stated that a construction worker told him that the worker was doing work on certain premises when he discovered cash and automatic weapons behind a bed. Upon receiving this information, Craft began an investigation and discovered: appellant had been leasing the premises visited by the construction worker for several weeks; appellant had previous drug convictions, including a conviction for heroin conspiracy for which he was sentenced to six years in prison; and appellant had supplied another address to authorities when he was involved in an auto accident in February 1989. On June 12, Craft surveilled the second address of appellant, picked up abandoned trash which had been deposited at the curbside and inventoried the contents. Craft found papers containing mathematical calculations which he concluded were drug transaction figures and three small envelopes, one of which contained a substance which the state crime lab tested positive for marijuana. On June 26, Craft inventoried abandoned trash from appellant's leased premises and discovered 26 plastic ziplock bags, which are commonly used for the distribution of cocaine. On July 10, Craft again inventoried trash from the leased premises and found a plastic baggie containing a white powder residue of suspected cocaine and an envelope containing suspected marijuana. Craft stated that a fellow detective tested and positively identified the marijuana.

On July 11, Craft included the above information regarding appellant, the "concerned citizen" and the inventories in an affidavit for a search warrant for the leased premises. The affidavit indicated that Craft himself received the tip from the "concerned citizen" and although Craft testified in the suppression hearing that he had monitored both premises and had observed appellant or appellant's vehicle at these premises, these observations were not specifically averred in the affidavit. Craft did not specify in the affidavit that there was a third trash inventory on July 10 but only described the items found. Craft also did not aver that the white residue found on July 10 was positively identified as cocaine because the crime lab report which contained that information was not returned until August 7.

The search warrant was issued and was executed on July 11. As the officers entered appellant's yard and announced their identification, appellant, who was in the yard with his children and three dogs (two Rottweilers and one Doberman), yelled to the dogs to "get 'em" and ran into the house. The dogs then advanced quickly and threateningly toward the officers who, in fear of being attacked, shot all three dogs. The officers followed appellant into the house where illegal drugs and weapons were seized. On July 12, based on the same facts averred in the first affidavit together with the results of the search and an assertion that some evidence may have been disposed of in the toilet, Craft submitted a second affidavit and obtained a second warrant to return to the premises and search the septic tank. Appellant was convicted by a jury on all six counts of the indictment — possession of more than 28 grams of heroin, aggravated assault on a law enforcement officer (two counts), possession of cocaine, possession of marijuana and possession of firearms by a convicted felon.

1. Appellant's first enumeration of error alleges that the trial court erred in denying his motion to suppress because the supporting affidavits were insufficient to establish probable cause. Specifically, appellant asserts that the information in the affidavits was stale, the affidavits did not contain factual assertions regarding anyone's personal observations of appellant's alleged criminal activity, and the affidavits did not contain enough facts to establish a sufficient ownership connection between appellant and the trash that was searched.

"In determining whether probable cause supported issuance of a search warrant, a 'totality of the circumstances' test is employed. 'The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him . . ., there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a 'substantial basis . . . for conclud(ing)' that probable cause existed.' [Cit.]" *Butler v. State*, 192 Ga. App. 710 (1) (386 SE2d 371) (1989).

The determination of staleness is now included in the broad overview of "totality of circumstances." *Ayers v. State*, 181 Ga. App. 244 (2) (351 SE2d 692) (1986). Although time is an element of the concept of probable cause, "the precise date of an occurrence is not essential. Rather, the inquiry is as to whether the factual statements within the affidavit are sufficient to create a reasonable belief that the conditions described in the affidavit might yet prevail at the time of issuance of the search warrant. [Cit.] When the affidavit indicates the existence of an ongoing scheme to sell drugs, the passage of time becomes less significant than would be the case with a single, isolated transaction. [Cit.]" *State v. Luck*, 252 Ga. 347 (312 SE2d 791) (1984).

Reviewing all the circumstances set forth in the affidavits, we conclude that there was a substantial basis for the magistrate's determination of probable cause. The information provided by Craft, arising out of his official investigation, was sufficient to establish probable cause. *Caffo v. State*, 247 Ga. 751 (2) (b) (279 SE2d 678) (1981). In addition, the magistrate was entitled to rely on the officer's knowledge of appellant's past criminal conduct. Id. at 755. The affidavit indicated the existence of an ongoing scheme to sell drugs, consequently, we cannot say that the statements in the affidavit were so stale as to make it unlikely that illegal drugs would be found on the premises at the time of the issuance of the warrant. See id. at 755. Although not all of the recitations in the affidavits were entirely accurate and despite the lack of statements regarding personal observations of appellant and his criminal activity, on the whole the affidavits supported the finding of probable cause. See *Ayers*, supra at 248.

As to the connection between appellant and the trash, Craft stated that the trash was located at the curbside or at the roadway of the residences observed, and further stated the bases for connecting appellant to each of these residences, such as appellant's name on the lease of one residence, and the other residence being listed by appellant in connection with an auto accident together with a car registered to appellant located at that residence. The Fourth Amendment does not prohibit the warrantless search and seizure of garbage left for collection at the curb outside the home. *California v. Greenwood*, 486 U. S. 35 (108 SC 1625, 100 LE2d 30) (1988). Utilizing the deferential standard of review appropriate for searches conducted pursuant to a search warrant, *State v. Morrow*, 175 Ga. App. 743 (4) (334 SE2d 344) (1985), we conclude that appellant's first enumeration of error is without merit and the trial court did not err in denying appellant's motion to suppress.

2. Appellant contends that the trial court erred in refusing to dismiss Counts two and three of the indictment as they fail to describe the charge of aggravated assault on a law enforcement officer. "A person commits the offense of aggravated assault when he assaults: . . .

With a deadly weapon or with any object, device or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury." OCGA § 16-5-21. Counts two and three charge that appellant assaulted the police officers in the performance of their duties "by instructing two Rottweilers and one Doberman Pinscher dogs to attack said officer[s], said dogs being deadly weapons and likely to cause serious bodily injury in the offensive manner used, with the intent to cause harm to said officer[s]." The use of a dog can be considered a deadly weapon. *Michael v. State*, 160 Ga. App. 48 (1) (286 SE2d 314) (1981). "An accusation or indictment is legally sufficient so long as it contains the elements of the offense intended to be charged and sufficiently apprises the defendant of what he must be prepared to meet. [Cit.]" *Manley v. State*, 187 Ga. App. 773, 776 (2) (371 SE2d 438) (1988). The indictment as quoted clearly sets forth the elements of the offense charged and the actions constituting the offense; this enumeration has no merit.

3. In the third enumeration of error, appellant asserts that the evidence was insufficient to support the convictions of aggravated assault. The two officers who entered appellant's yard testified that after they announced their presence, the appellant yelled "get 'em," and the dogs then began to advance quickly and threateningly toward the officers. The officers stated that they felt the dogs were a threat to their safety. The evidence was sufficient to authorize the jury's finding that appellant was guilty of aggravated assault on a law enforcement officer beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Banke, P. J., and Birdsong, J., concur.*

DECIDED SEPTEMBER 4, 1990 —
REHEARING DENIED NOVEMBER 15, 1990.

*Rubin, Winter & Rapoport, Joseph M. Winter*, for appellant.
*W. Fletcher Sams, District Attorney, William T. McBroom III, Assistant District Attorney*, for appellee.