A90A1545. BRYAN v. THE STATE.
(398 SE2d 230)

BANKE, Presiding Judge.

At the conclusion of a bench trial at which the parties simply stipulated to the evidence which had been adduced at an earlier motion to suppress hearing, the appellant was found guilty of violating the Controlled Substances Act by possessing lysergic acid diethylamide with intent to distribute. Her sole enumeration of error on appeal is directed to the denial of the motion to suppress.

The contraband was discovered and seized by an off-duty, uniformed Atlanta police officer who was working as a security officer during a rock concert at the Omni. The officer was positioned alongside the ticket taker and was asking each entrant carrying a bag or purse to open it so that he could check to see whether it contained a camera or alcoholic beverages, which are prohibited at such events. As the appellant surrendered her ticket, the officer asked her if she "could please open her [hand]bag," and she complied. He thereupon observed two clear plastic bags containing the contraband and placed her under arrest. *Held*:

Whether there is a valid consent to search is a matter exclusively within the province of the factfinder, the trial court. "Unless clearly erroneous, the trial court's ruling on disputed facts and credibility at

a suppression hearing must be accepted on appeal." *Dean v. State*, 250 Ga. 77, 80 (295 SE2d 306) (1982). The evidence was sufficient to enable the trial court to conclude that the appellant's consent was freely and voluntarily given.

*Judgment affirmed. Birdsong and Cooper, JJ., concur.*

DECIDED SEPTEMBER 27, 1990.

*Kane & Anderson, Daniel B. Kane*, for appellant.

*Lewis R. Slaton, District Attorney, Rebecca A. Keel, A. Thomas Jones, Joseph J. Drolet, Assistant District Attorneys*, for appellee.