## A91A0550. DICKERSON v. THE STATE.
### (408 SE2d 137)

ANDREWS, Judge.

Dickerson was charged with four violations of the Georgia Controlled Substances Act[1] and convicted of one count, possession of cocaine, as a result of surveillance and search of his residence.

Viewed in favor of the verdict as to possession of cocaine, the evidence was that Dickerson lived in his childhood home which was owned by his mother who lived elsewhere. About a month prior to his arrest, Scott, a friend and former high school classmate of his, moved into the house and shared the utility expenses with Dickerson. Neither paid rent. Each man had a bedroom and shared the common areas of the home.

Dickerson worked the night shift from 4:00 p.m. until 12:30 a.m. at a local factory. Scott was usually asleep when Dickerson arrived home.

On the evening when the search warrant was executed, Dickerson was at work. Scott[2] and three other individuals were present on the front porch when the officers arrived. Found in the house in common areas were pipes used for smoking illegal substances, razor blades, scales for measuring ounces and grams, and cigarette rolling papers. In Scott's bedroom, a straw of the type used to ingest cocaine was found. In Dickerson's room, numerous pictures of marijuana and poppies in various stages of cultivation and processing were on the walls and door of the room. Some of these were apparently pages from High Times magazine, a magazine dealing with drug growing, harvesting, processing, and using drugs and the paraphernalia involved therein. A 1985 issue of the magazine was found in his room. Also found were a baggie containing cocaine located on the window sill

---

[1] The three counts of which he was acquitted were trafficking in cocaine; possession of more than an ounce of marijuana; and possession of less than an ounce of marijuana.

[2] Scott was charged by separate indictment and pled guilty prior to Dickerson's trial. The other individuals were not charged.

covered with a towel, a dried leaf identified as marijuana in Dickerson's underwear drawer, and more cigarette rolling papers.

Dickerson was arrested after work that evening and taken to the police station where he was interviewed. That interview was recorded by audio tape and played for the jury, with a transcript prepared by the State provided for the jury's use during the playback and then taken from them.

1. Dickerson contends that the court's failure to give his requested instruction on equal access was error. He contended at trial and argues here that he was totally unaware of the presence of illegal substances and Scott was the possessor of all found in the house and outside. While Scott did not testify, Dickerson elicited on cross-examination of one of the officers that Scott had pled guilty and, while he said the cocaine and marijuana found in the bucket outside the house were his, that the items inside the house were not.

The court, while not giving the specific equal access charge requested by Dickerson, Suggested Pattern Jury Instructions, Vol. 2, p. 174, did give the pattern charge regarding possession of premises, including the following language: "However, this is a rebuttable inference and may be overcome by evidence in the case that others had access to the premises. Whether or not this inference is drawn from proof that a person is the owner, rents from others, is the lessee of or has control of a house or premises, and whether or not the inference, once it is drawn, has been overcome by proof that others had access to the premises, are questions for the jury alone." Id. at 175. This charge adequately covered the principle and failure to give the specific charge requested by Dickerson was not error. See *Williams v. State*, 180 Ga. App. 854 (1) (350 SE2d 837) (1986).

Further, since both defendant and Scott were charged with joint possession of and trafficking in the drugs, it is not clear that the principle is applicable to this case at all, since there was no evidence that the three other persons with Scott on the porch or others had any access to the house. *Lockwood v. State*, 184 Ga. App. 262, 265 (4) (361 SE2d 195) (1987), rev'd on other grounds, 257 Ga. 796 (364 SE2d 574) (1988); *Gee v. State*, 130 Ga. App. 634, 635 (1) (204 SE2d 329) (1974).

2. Dickerson was interviewed by the police after his arrest. He does not contest that the statement was voluntarily made, but enumerates that the court erred "in admitting in its entirety the audio tape introduced by the State."

While hearsay and other objections were made at trial, primarily directed at contents of the questions asked by the officers, the objection made below and argued here is that the content of the questions, such as asking Dickerson if he did not sell drugs out of his home and telling him their surveillance had revealed known drug users going in and out of the house, improperly placed his character in issue.

The objected to statements were not allegations that Dickerson had, in the past, committed other bad acts or been convicted of other unrelated crimes, but dealt with the investigation at hand, including his participation in the events observed by the officers at his residence. Dickerson admitted at the beginning of his statement, before the questions now at issue, that he had previously used marijuana and repeated later in the statement that his use was as recent as "5 or 6 months ago." He also acknowledged that the partial leaf identified as marijuana found in his drawer was his but said it had been there for some time. "The drug usage was part and parcel of the crime on trial, and was not inadmissible simply because it might have incidentally reflected on [defendant's] character. [Cits.]" *Parks v. State*, 254 Ga. 403, 408 (4) (330 SE2d 686) (1985).

Thus, the objected to portions of the statement were not introduced as a reflection on Dickerson's character, but instead as evidence of his participation in drug usage which was relevant to the additional allegations that he trafficked in illegal drugs. *Jones v. State*, 257 Ga. 753, 759 (1c) (363 SE2d 529) (1988); *Rainwater v. State*, 256 Ga. 271 (1) (347 SE2d 586) (1986); *Frazier v. State*, 195 Ga. App. 599 (2) & (3) (394 SE2d 396) (1990).

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED JUNE 27, 1991 —
RECONSIDERATION DENIED JULY 9, 1991 — ■

*Franklin & Franklin, Herbert E. Franklin, Jr., James D. Franklin*, for appellant.

*Ralph Van Pelt, Jr., District Attorney, Ronald M. Adams, Assistant District Attorney*, for appellee.