## A92A2139. SIMS v. THE STATE.
(427 SE2d 842)

BLACKBURN, Judge.

The defendant was charged with possession of marijuana with the intent to distribute, possession of cocaine, and possession of a firearm by a convicted felon. The defendant filed a motion to suppress the evidence seized pursuant to a search warrant, asserting that the warrant was deficient and lacked probable cause. The judge granted the motion to suppress as to the cocaine charge, but denied the motion as to the gun, marijuana and money found by law enforcement officers. The defendant subsequently entered a guilty plea to the marijuana and gun possession charges and in pleading guilty, conditioned his plea upon a reservation of his right to appeal the trial court's ruling on the motion to suppress, pursuant to *Mims v. State*, 201 Ga. App. 277 (1) (410 SE2d 824) (1991). The state agreed with and the trial court accepted the defendant's conditional plea. On appeal, the defendant contends that the trial court erred in denying his motion to suppress in that the affidavit issued by the magistrate judge lacked probable cause.

At the hearing on the defendant's motion to suppress, Detective Danny Smith of the Gwinnett County Police Department testified that the warrant had been sought from a DeKalb County magistrate based upon information supplied to him by the informant on December 5, 1991. According to Detective Smith, the informant voluntarily

presented himself to the police department and confessed to theft, informing the detective that he had stolen a generator and high-pressure washer around Thanksgiving and exchanged the items for cocaine at the home of a man named "Ernest." The informant afterwards provided Detective Smith with directions to a house on Mendell Circle. Detective Smith proceeded to confirm this information and discovered that the description of the house given to him by the informant accurately identified the defendant's home.

The magistrate testified that it was his practice to take a recording of any additional information given as a basis for issuing a search warrant. After the motion to suppress hearing was postponed until the next day for the purpose of obtaining the tape, the tape recording of the hearing was played in open court and its contents transcribed. The recorded testimony corroborated the earlier testimony given by Detective Smith. Based upon the information contained in the affidavit and the information supplied by Detective Smith, a search warrant was issued by the magistrate.

In his sole enumeration of error, the defendant contends that the trial court erred in denying his motion to suppress in that the affidavit and supplemental oral testimony were insufficient to establish the requisite probable cause for the issuance of a search warrant. Specifically, the defendant contends that the evidence given to the affiant by the informant was so insubstantial that neither the affiant nor the magistrate could rely upon it. The defendant further asserts that the lapse in time between when the informant stole and exchanged the items sought and the date when the warrant was issued raises the question of staleness.

" 'In determining whether probable cause supported issuance of a search warrant, a "totality of the circumstances" test is employed. "The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him . . . , there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a 'substantial basis . . . for conclud(ing)' that probable cause existed." (Cit.)' [Cit.]" *Perkins v. State*, 197 Ga. App. 577, 578 (1) (398 SE2d 702) (1990). "[T]he determination of staleness has been modified so that now that issue is included in the broad overview of 'totality of circumstances.' [Cit.]" *Ayers v. State*, 181 Ga. App. 244, 248 (2) (351 SE2d 692) (1986). "Time is assuredly an element of the concept of probable cause. [Cit.] However, the precise date of an occurrence is not essential. Rather, the inquiry is as to whether the factual statements within the affidavit are sufficient to create a reasonable belief that the conditions described in the affidavit might yet prevail at the time of the issuance of the search warrant. [Cit.]" *State v. Luck*, 252

Ga. 347 (312 SE2d 791) (1984).

Reviewing all the circumstances set forth in the affidavit and the supplemental oral testimony supplied by the affiant, we conclude that there was a reasonable basis for the magistrate's determination of probable cause in issuance of the search warrant. The information provided by the affiant, arising out of his "official investigation of the information" provided to him by the informant, was sufficient to establish probable cause. See *Caffo v. State*, 247 Ga. 751, 754-755 (279 SE2d 678) (1981). The affidavit presented to the magistrate by the affiant contained detailed directions to the defendant's address as well as a detailed description of the defendant's house. In addition, the affiant provided oral testimony of his investigation of the statements made by the informant which led to the defendant's residence. Although the defendant challenges the reliability and the credibility of the informant because of his involvement in criminal activity, an admission against one's penal interest is "inherently credible." *Aldridge v. State*, 153 Ga. App. 744 (266 SE2d 513) (1980). Thus, the informant's admission to the affiant that he exchanged stolen property for cocaine tends to support the informant's credibility. As to the issue of staleness, the magistrate was proper in finding that the items would have been present on the defendant's premises at the time the warrant was issued, approximately 11 days later, given the nature of the items that had been stolen. "The question is one of reasonability: Is the lapse of time so long that it is no longer reasonable to believe that the same conditions described in the affidavit remain at the time a warrant is issued? [Cit.]" *Tuzman v. State*, 145 Ga. App. 761, 764 (2) (244 SE2d 882) (1978). Accordingly, the trial court did not err in denying appellant's motion to suppress.

*Judgment affirmed. McMurray, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 15, 1993.

*Herbert Shafer*, for appellant.
*Robert E. Wilson, District Attorney, John H. Petrey, Stacy Y. Cole, Assistant District Attorneys*, for appellee.