A96A0931. GIBSON v. THE STATE.
(476 SE2d 863)

McMurray, Presiding Judge.

Defendant Gibson appeals his conviction of the offenses of possession of cocaine with intent to distribute, possession of cocaine, and possession of a firearm during commission of a crime. *Held*:

1. Defendant was outside the house when a search warrant was executed on his residence. Cocaine was found in a coffee table in the living room. The coffee table was positioned in front of a couch, and a firearm was found beneath the couch against the wall. Based on this set of circumstances, defendant argues that there is no evidence that he had the firearm "on or within arm's reach of his person . . ." during the commission of the offense of possession of cocaine with intent to distribute. OCGA § 16-11-106 (b) (4).

Contrary to defendant's assertion, we find sufficient circumstantial evidence to authorize defendant's conviction. Defendant's possession of cocaine and of the firearm was established by his dominion over his residence. Thus, the final element of the crime of possession of a firearm during commission of a crime required proof only that defendant passed even momentarily within arm's reach of the gun. As to this element, the jury could consider the evidence concerning the small size and crowded conditions within the residence and infer that it was inevitable that such a juxtaposition had occurred. The evidence satisfied the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. During the motion to suppress hearing, the trial court considered evidence concerning oral testimony provided to the magistrate. Defendant contends that the trial court's consideration of that evidence was error because "neither the warrant nor affidavit stated that oral testimony was given." This argument is predicated on language from *Pines v. State*, 166 Ga. App. 724, 726 (305 SE2d 459) noting that a better practice in presenting such testimony on a motion to suppress would be via official transcript or record and encouraging magistrates to make some written notation or memorandum as to any oral testimony presented to them in support of the issuance of a warrant. Indeed, in the case sub judice, the magistrate had made a one sentence note apparently recording a point made in oral testimony. While defendant urges that a higher standard be made mandatory, no authority is cited in support of this proposal. The well-established rule permits consideration of evidence concerning

oral testimony provided to the magistrate. *Delay v. State*, 213 Ga. App. 199, 201 (4) (444 SE2d 140). This enumeration of error lacks merit.

3. Next, defendant contends that the magistrate lacked probable cause to issue the search warrant for defendant's home. But we conclude that there was a reasonable basis for the magistrate's determination of probable cause in issuing the search warrant and find this enumeration of error to lack merit.

" ' "In determining whether probable cause supported issuance of a search warrant, a 'totality of the circumstances' test is employed. 'The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him . . ., there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a "substantial basis . . . for conclud(ing)" that probable cause existed.' (Cit.)" (Cit.)' *Perkins v. State*, 197 Ga. App. 577, 578 (1) (398 SE2d 702) (1990). '(T)he determination of staleness has been modified so that now that issue is included in the broad overview of "totality of circumstances." (Cit.)' *Ayers v. State*, 181 Ga. App. 244, 248 (2) (351 SE2d 692) (1986). 'Time is assuredly an element of the concept of probable cause. (Cit.) However, the precise date of an occurrence is not essential. Rather, the inquiry is as to whether the factual statements within the affidavit are sufficient to create a reasonable belief that the conditions described in the affidavit might yet prevail at the time of the issuance of the search warrant. (Cit.)' *State v. Luck*, 252 Ga. 347 (312 SE2d 791) (1984)." *Sims v. State*, 207 Ga. App. 353, 354 (427 SE2d 842).

The analysis of this issue submitted by defendant proceeds through the affidavit, paragraph by paragraph, to reach the "key point" that neither the affidavit nor the magistrate's note ever states how the informants obtained their information or describe the alleged criminal activity in such detail as to show that it is more than a "casual rumor" circulating in the underworld. Defendant argues that where reliance is placed on an informant, one of these alternative items must be shown. *Dailey v. State*, 136 Ga. App. 866 (1) (222 SE2d 682). However, this Court has held that where, as in the case sub judice, an affiant states under oath before a magistrate that an informant has *seen* the contraband, this sufficiently establishes the source of information. *Jackson v. State*, 130 Ga. App. 6 (1) (202 SE2d 206).

The evidence on the motion to suppress shows that the magistrate was presented with a showing via affidavit and oral testimony that an informant, identified as "Source B," had seen cocaine in defendant's control and that this informant along with a law enforce-

ment officer (presumably an undercover agent) had discussed the purchase of cocaine with defendant. This informant lived in close proximity to defendant's residence and was able to see a lot of what went on at the residence and had reported observing a delivery to the residence of a large quantity of crack cocaine 11 days prior to the execution of the search warrant, as well as a lot of traffic going to the residence. Ample evidence concerning this informant's reliability was provided via the affidavit and oral testimony.

The affidavit set forth additional information from other sources which serves primarily to show that defendant engaged in a pattern of dealing in drugs over a period of months, and if some of these items of information should be omitted due to a failure to establish the reliability of the source, there is no discernible effect on the overall picture. The affiant also stated that his research disclosed that defendant had a long history of drug arrests.

4. The trial court did not err in refusing to give defendant's requested instruction on the equal access defense. An instruction given by the trial court was substantially similar to the pattern instruction approved and held to adequately cover the equal access issue in *Dickerson v. State*, 200 Ga. App. 366, 367 (1) (408 SE2d 137).

*Judgment affirmed. Ruffin, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED OCTOBER 9, 1996.

*Lawrence W. Daniel*, for appellant.
*Stephen F. Lanier, District Attorney, Lisa W. Tarvin, Assistant District Attorney*, for appellee.