A99A2351. DICKSON v. THE STATE.
(527 SE2d 246)

BLACKBURN, Presiding Judge.

Leslie Dickson appeals his convictions, following a bench trial, of violating the Georgia Controlled Substances Act and obstructing a police officer. Dickson contends that the trial court erred in denying his motion to suppress claiming that the arresting officer had no authority to conduct a pat-down of his person. Because the trial court's determination that the arresting officer's pat-down was reasonably justified is not clearly erroneous, we affirm.

> When an appellate court reviews a trial court's order concerning a motion to suppress evidence, the appellate court should be guided by three principles with regard to the interpretation of the trial court's judgment of the facts. First, when a motion to suppress is heard by the trial judge, that judge sits as the trier of facts. The trial judge hears the evidence, and his findings based upon conflicting evidence are analogous to the verdict of a jury and should not be disturbed by a reviewing court if there is any evidence to support it.
>
> Second, the trial court's decision with regard to questions of fact and *credibility* must be accepted unless clearly erroneous. Third, the reviewing court must construe the evidence most favorably to the upholding of the trial court's findings and judgment.

(Citations and punctuation omitted.) *Tate v. State*, 264 Ga. 53, 54 (1) (440 SE2d 646) (1994).

So viewing the evidence, it reveals that DeKalb Police Officer Walker, while on routine patrol around 2:29 a.m., saw Dickson passing a large plastic bag between two vehicles parked beside each other at a strip mall. Officer Walker testified that he had arrested several individuals in that parking lot for drug activity, and he suspected criminal activity due to the location, the time of night, and his observations regarding the plastic bag.

After witnessing the transaction, Officer Walker got out of his car and approached Dickson, who became startled and would not respond when asked what was happening. For safety purposes, Officer Walker then frisked Dickson and felt an unknown object in

Dickson's front pocket which he believed was a pocket knife. The item turned out to be a Crown Royal bag stuffed with tin foil. The substances in the tin foil tested positive for cocaine. "[A] police officer, even in the absence of probable cause, may stop persons and detain them briefly, when the officer has a particularized and objective basis for suspecting the persons are involved in criminal activity." (Punctuation omitted.) *Welborn v. State*, 232 Ga. App. 837, 839 (2) (503 SE2d 85) (1998).

> A police officer may make such stop if the officer has "a reasonable, articulable suspicion" that the person stopped has been, is, or is about to be, engaged in criminal activity. *Davis v. State*, 225 Ga. App. 627, 628 (2) (484 SE2d 655) (1997). " '(A) founded suspicion is all that is necessary, some basis from which the court can determine that the detention was not arbitrary or harassing. (Cit.)' (Cit.)" *State v. McFarland*, 201 Ga. App. 495, 496 (411 SE2d 314) (1991). "(A) reasonable search for weapons for the protection of the police officer( ) (is permitted) where he has reason to believe that he is dealing with an armed and dangerous individual, regardless of whether he has probable cause to arrest the individual for a crime. The officer need not be absolutely certain that the individual is armed; the issue is whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger." (Cit.) *Smith v. State*, 139 Ga. App. 129, 131 (2) (227 SE2d 911) (1976).

*Richardson v. State*, 239 Ga. App. 345, 346 (521 SE2d 239) (1999).

Under the totality of the circumstances faced by Officer Walker, a reasonably prudent person would be warranted in believing it necessary to conduct a pat-down of Dickson. Dickson was in an area known for drug activity, in the middle of the night, standing between two cars containing other individuals, passing a large plastic bag between the cars, acting startled at the approach of the officer and failing to respond to his inquiry.[1]

Contrary to Dickson's contentions, *State v. King*, 227 Ga. App. 466 (489 SE2d 361) (1997) does not change this result. The issue there was the trial court's grant of the defendant's motion to suppress. Therefore, the burden on appeal favored the trial court's suppression. But here, it favors the trial court's denial of suppression. Additionally the arresting officer in *King* did not observe any suspicious actions. The defendant had merely been standing outside late

---

[1] The officer's search of the Crown Royal bag has not been challenged on appeal.

at night with another individual in an area known for drugs. Id. at 466-467.

The trial court's findings as to the motion to suppress were supported by the record, not clearly erroneous, and, therefore, must be accepted on appeal as correct. See *Bryan v. State*, 197 Ga. App. 207, 208 (398 SE2d 230) (1990).

*Judgment affirmed. Eldridge and Barnes, JJ., concur.*

DECIDED DECEMBER 16, 1999.

*William C. Puckett, Jr.*, for appellant.

*J. Tom Morgan, District Attorney, Sheila A. Connors, Robert M. Coker, Assistant District Attorneys*, for appellee.