STATE OF NORTH CAROLINA v. CLARENCE JUNIOR WATSON

No. COA94-955

(Filed 5 July 1995)

**Searches and Seizures § 80 (NCI4th)— cocaine seized from defendant—no arrest without probable cause**

Officers had a reasonable suspicion of criminal activity to justify an investigatory stop of defendant, and officers' actions during the stop were reasonable, since officers approached defendant at a place which was known for drug activity; the officers had made numerous drug arrests in the same place; one of the officers had previously arrested defendant for a drug offense; defendant took evasive action by placing drugs in his mouth; officers were familiar with this practice of drug dealers to hide drugs in their mouths to elude detection; one officer told defendant to spit out the drugs or the drugs would kill him; and an officer placed pressure on defendant's throat in order to make him spit out the drugs.

**Am Jur 2d, Searches and Seizures §§ 50, 71.**

**Propriety of search involving removal of natural substance or foreign object from body by actual or threatened force. 66 ALR Fed. 119.**

Appeal by defendant from judgment entered 9 May 1994 by Judge Loto G. Caviness in Mecklenburg County Superior Court. Heard in the Court of Appeals 5 June 1995.

*Attorney General Michael F. Easley, by Associate Attorney General Wm. Dennis Worley, for the State.*

*Public Defender Isabel Scott Day, Assistant Public Defender Kevin P. Tully, for defendant-appellant.*

JOHNSON, Judge.

The evidence at the hearing showed the following: On 27 December 1993 at approximately 7:40 p.m., Officer A. N. Robinson of the Charlotte Police Department saw defendant standing in front of Josh's Convenience Store. Officer Robinson had made nearly fifty arrests at or near Josh's Convenience Store. As a unmarked police car pulled up, he saw defendant put something in his mouth. Officer Robinson believed the items to be crack cocaine. Officer Robinson

**STATE v. WATSON**

[119 N.C. App. 395 (1995)]

knew defendant had previously been arrested on drug charges. When the officer approached defendant, defendant tried to go into the store. Officer Robinson grabbed him. At that time, defendant acted very nervous and tried to take a drink of Coca-Cola, as if he was trying to swallow something. It is a common practice of drug dealers when they see the police to drop the items or put the items in their mouth and try to conceal it from the officers or attempt to swallow the items to avoid detection. Officer Robinson grabbed defendant by the back of his jacket and told him to spit out the drugs. He then told defendant not to swallow or the drugs would kill defendant. Defendant spit out the drugs. Officer Malone recovered three bags of substance believed to be crack cocaine that defendant had spit out onto the ground.

Officer M. N. Baltimore of the Charlotte Police Department testified that Officer Robinson had said to him that he had seen defendant put something in his mouth. Officer Baltimore had been on the police force for two years and seven months and had made ten drug arrests at this location.

Officer Daniel Malone had been with the City of Charlotte Police Department for four and one-half years. Officer Malone testified that he had made between twenty-five and thirty arrests for cocaine in the last year and a half at the same location. Officer Malone testified that he had known defendant for some time and knew that defendant sold drugs in the north Charlotte area. This was the third time he had arrested defendant.

From the evidence presented, Judge Caviness made findings of fact and conclusions of law which included the following: that Officer Robinson saw defendant in front of Josh's Convenience Store; that Officer Robinson testified that he has made approximately fifty cocaine arrests in the near vicinity of Josh's Convenience Store; that other officers testified that they too had made cocaine arrests in this area; that Officer Malone testified to twenty-five to thirty arrests near the store over a period of a year and a half; that Officer Baltimore testified that something in the nature of ten drug arrests had been made in the area; that evidence shows defendant looked up and saw the officers, and then put items in his mouth, and proceeded to return to the store; that Officer Robinson grabbed defendant at his jacket back to prevent him from going into the store; that defendant then attempted to drink a Coca-Cola that he was carrying with him; that the officer relieved defendant of his drink; that defendant was ordered to spit

out the objects in his mouth; that Officer Malone applied pressure to defendant at a known pressure point; that defendant eventually spat out the items in his mouth; that the items were three baggies containing crack cocaine; that defendant was frequenting an area known as having several drug arrests; that defendant was behaving in a manner upon apparent view of the officer placing items in his mouth and attempting to swallow those items while trying to go back into the store; that it created suspicious behavior in the placing of the items in his mouth and subsequent behavior; and that this evidence established probable cause for the officer to stop this individual as to his initially placing the items in his mouth in that area and under those circumstances, and also probable cause for their subsequent action and then arrest.

On 14 February 1994, defendant was indicted on charges of Resisting a Public Officer and Possession With Intent to Sell or Deliver a Controlled Substance by the grand jury. At the hearing before Judge Caviness, the court denied defendant's motions to suppress evidence. Defendant entered notice of appeal.

Defendant then pled guilty and was sentenced to six months on the misdemeanor and five years on the felony.

Defendant argues that the trial court erred in denying his motion to suppress evidence based on the fact that the evidence was seized in violation of defendant's rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution. Defendant argues that the officers' actions constituted an arrest which was not based upon probable cause.

The Fourth Amendment to the United States Constitution guarantees the right of citizens to be secure from unreasonable searches and seizures. In the instant case, there was adequate suspicion for the officers to stop and detain defendant for investigatory purposes. However, an officer may make an investigatory stop if he has a reasonable articulable suspicion based on objective facts that the person was engaged in criminal activity. *Brown v. Texas*, 443 U.S. 47, 61 L.Ed.2d 357 (1979); *State v. Thompson*, 296 N.C. 703, 252 S.E.2d 776, *cert. denied*, 444 U.S. 907, 62 L.Ed.2d 143 (1979). *See also Terry v. Ohio*, 392 U.S. 1, 20 L.Ed.2d 889 (1968). Our Supreme Court has stated:

A court must consider "the totality of the circumstances—the whole picture" in determining whether a reasonable suspicion to make an investigatory stop exists. *U.S. v. Cortez*, 449 U.S. 411,

417, 101 S.Ct. 690, 695, 66 L.Ed.2d 621, 629 (1981). The stop must be based on specific and articulable facts, as well as the rational inferences from those facts, as viewed through the eyes of a reasonable, cautious officer, guided by his experience and training. *Terry*, 392 U.S. at 21-22, 885 S.Ct. at 1880, 20 L.Ed.2d at 906; *State v. Thompson*, 296 N.C. 703, 706, 252 S.E.2d 776, 779, *cert. denied*, 444 U.S. 907, 62 L.Ed.2d 143 (1979). The only requirement is a minimum level of objective justification, something more than an "unparticularized suspicion or hunch." *U.S. v. Sokolow*, 490 U.S. 1, 7, 109 S.Ct. 1581, 1585, 104 L.Ed.2d 1, 10 (1989).

*State v. Watkins*, 337 N.C. 437, 441-42, 446 S.E.2d 67, 70 (1994). *See also State v. Adkerson*, 90 N.C. App. 333, 368 S.E.2d 434 (1988).

Thus, an officer's experience and training can create reasonable suspicion. Defendant's actions must be viewed through the officer's eyes. *State v. McDaniels*, 103 N.C. App. 175, 405 S.E.2d 358 (1991), *aff'd*, 331 N.C. 112, 413 S.E.2d 799 (1992). *See also State v. Thompson*, 296 N.C. 703, 252 S.E.2d 776, *cert. denied*, 444 U.S. 907, 62 L.Ed.2d 143. Our Supreme Court has also noted that the presence of an individual on a corner specifically known for drug activity and the scene of multiple recent arrests for drugs, coupled with evasive actions by defendant are sufficient to form reasonable suspicion to stop an individual. *State v. Butler*, 331 N.C. 227, 415 S.E.2d 719 (1992).

The officers had reasonable suspicion to suspect criminal activity when they approached defendant. The evidence shows that it was dark when the officer saw defendant standing in front of the convenience store; that upon approach of the police cars, defendant immediately attempted to enter the convenience store to avoid detention; that defendant made evasive maneuvers to avoid detection, i.e., putting the drugs in his mouth, attempting to swallow the drugs by drinking Coca-Cola and attempting to go into the store; that this area was an area of high drug transactions; and that Officer Malone had arrested defendant on two other occasions. *See State v. Butler*, 331 N.C. 227, 415 S.E.2d 719 (Court found that the fact that defendant immediately left the corner and walked away from the officers after making eye contact was an additional circumstance to be considered). A careful review of the record shows that in light of the totality of the circumstances, Officer Robinson was justified in detaining defendant for an investigatory stop.

Our inquiry now must explore whether the degree of intrusion is reasonably related to the events that took place. This Court recently stated:

In determining whether or not conduct is unreasonable, "[t]here is no slide-rule formula," and "[e]ach case must turn on its own relevant facts and circumstances." In determining reasonableness, courts must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted. (Citation omitted.)

*State v. Smith,* 118 N.C. App. 106, 114, 454 S.E.2d 680, 685, *cert. denied and supercedeas allowed,* No. 125A95 (N.C. Supreme Court June 1, 1995). This Court in *Smith* also noted that "in balancing the scope of the search against exigent circumstances in determining reasonableness, courts have allowed highly intrusive warrantless searches of individuals where exigent circumstances are shown to exist, such as imminent loss of evidence or potential health risk to the individual." *Id.* at 115, 454 S.E.2d at 686. The evidence in the instant case reveals that the officer applied pressure to defendant's throat so that defendant would spit out the items in his mouth. Officer Robinson testified that he told defendant to spit out the drugs or the drugs would kill him. In light of the officers' experience and training including their familiarity with the area, defendant and the practice of drug dealers to hide drugs in their mouth to elude detection, we cannot state that the officer's action reached a sufficient level of unreasonableness.

The final issue to be addressed is whether there was probable cause to arrest defendant. The North Carolina Supreme Court, having discussed probable cause for arrest, stated that a reviewing court's role "is to determine whether the officer has acted as a man of reasonable caution who, in good faith and based upon practical consideration of everyday life, believed the suspect committed the crime for which he was later charged." *State v. Zuniga,* 312 N.C. 251, 262, 322 S.E.2d 140, 147 (1984). Factors which a court may consider in determining whether probable cause to arrest exists include: (1) the time of day, *see State v. Rinck,* 303 N.C. 551, 280 S.E.2d 912 (1981); (2) the defendant's suspicious behavior, *see Peters v. New York,* 392 U.S. 40, 20 L.Ed.2d 917 (1968) and *State v. Bridges,* 35 N.C. App. 81, 239 S.E.2d 856 (1978); (3) flight from the officer or the area, *see Zuniga,* 312 N.C. 251, 322 S.E.2d 140; and (4) the officer's knowledge of defendant's past criminal conduct, *see State v. Phillips,* 300 N.C. 678, 268 S.E.2d 452 (1980). Additionally, one's reputation for relevant criminal conduct may contribute to probable cause. *United States v. Harris,* 403 U.S. 573, 29 L.Ed.2d 723 (1971).

IN RE ESTATE OF PATE

[119 N.C. App. 400 (1995)]

The evidence presented in the instant case reveals that Officer Robinson testified that he had personal knowledge that defendant had been arrested on several occasions for possession of drugs; that the area was a known drug activity area; that upon spotting the officers, defendant attempted to swallow the drugs and flee the area; and that defendant acted nervously upon the officer's approach. These factors considered in their totality gave the officers the requisite probable cause to arrest defendant.

Accordingly, in light of the totality of the circumstances, the officers' actions were justified. Therefore, the trial court properly denied defendant's motion to suppress the evidence.

Affirmed.

Judges GREENE and MARTIN, JOHN C. concur.