STATE v. WASHINGTON

[134 N.C. App. 479 (1999)]

_____

STATE OF NORTH CAROLINA v. CAREY DEVON WASHINGTON

No. COA98-792

(Filed 3 August 1999)

**1. Appeal and Error— appealability—denial of a motion to suppress**

Defendant had a right to appeal pursuant to N.C.G.S. § 15A-979 from a final order denying his motion to suppress evidence taken from a conviction entered upon his guilty plea.

STATE v. WASHINGTON

[134 N.C. App. 479 (1999)]

**2. Search and Seizure— warrantless search—curtilage—expectation of privacy**

The Fourth Amendment does not prohibit the warrantless search and seizure of garbage after it has been collected by the garbage collector and given to the police, even if defendant left it in the curtilage of his home.

**3. Search and Seizure— expectation of privacy—garbage**

The factors to be considered in determining whether there is an objectively reasonable expectation of privacy in one's garbage barring a search and seizure by the police are: (1) the location of the garbage; (2) the extent to which the garbage is exposed to the public or out of the public's view; and (3) whether the garbage was placed for pickup by a collection service and actually picked up by the collection service before being turned over to the police.

**4. Search and Seizure— motion to suppress—expectation of privacy—garbage**

The trial court did not err in denying defendant's motion to suppress evidence of traces of marijuana and cocaine in his trash bags because the warrantless search and seizure of his trash bags did not violate his expectation of privacy and was not an unreasonable search and seizure. Defendant's act of leaving his garbage in a communal dumpster 125 to 150 feet from his residence in his apartment complex manifested his intent to convey the garbage to the waste management service listed on the dumpster, who effectively collected his garbage. Further, the communal dumpster was not within defendant's curtilage and he therefore retained no legitimate expectation of privacy in his garbage once he placed it in the dumpster.

Appeal by defendant from an order entered 23 January 1997 by Judge Narley L. Cashwell in Wake County Superior Court. Heard in the Court of Appeals 1 April 1999.

*Attorney General Michael F. Easley, by Special Deputy Attorney General William P. Hart and Agency Legal Specialist M. Kevin Smith, for the State.*

*John T. Hall for defendant-appellant.*

HUNTER, Judge.

Defendant appeals the denial of his motion to suppress evidence. Due to the nature of this case, a thorough review of the facts is necessary.

The record reveals that Detective G. M. Smith of the Raleigh Police Department received information from an unknown informant through a "hot line" telephone tip on 10 March 1996 that a man known only as "D" was selling drugs. The informant gave a detailed physical description of "D" and reported that he lived in an apartment at 3903-A Marcom Street in Raleigh. Thereafter, Detective Smith began surveillance of the apartment and, on 29 March 1996, he observed a person matching the informant's description of "D" take two white plastic bags, tied closed with yellow strips, across the parking lot to the communal apartment complex dumpster. The dumpster was approximately 125 to 150 feet from "D's" apartment, and had the name of a waste management service on its side. "D" left the trash bags in the dumpster and returned to his apartment. Detective Smith immediately retrieved the bags from the dumpster and took them to the Raleigh Police Station, where he searched them without a warrant, finding small amounts of marijuana and cocaine. He then applied for and obtained a search warrant for "D's" apartment only. The search warrant was executed on a form approved by the Administrative Office of the Courts and contained the officer's affidavit of the property to be seized, the place to be searched and the basis for probable cause.

The next morning, Detective Smith returned to 3903-A Marcom Street. Prior to serving the warrant, he observed defendant, who was determined to be "D," exiting the apartment to walk a short distance on foot. Raleigh Police Detective Broadhurst approached the defendant and escorted him back to speak with Detective Smith concerning service of the warrant. The warrant was served on defendant, and the detectives entered the apartment.

The search of the apartment yielded plastic bags containing 7.4 grams and 168 grams of powder cocaine which was found in the defendant's closet under "lift out" tennis shoe soles. Detectives also seized digital scales, a small amount of marijuana, and $2,045.00 cash.

Defendant was thereupon placed under arrest. The search incident to arrest yielded 219 additional grams of cocaine concealed in the shoes defendant was wearing at the time.

**[1]** The Wake County Grand Jury indicted defendant with trafficking in cocaine by possession and maintaining a dwelling for keeping and selling controlled substances on 21 October 1996. On 10 February 1997, defendant was indicted for trafficking in cocaine by possession and trafficking in cocaine by transportation. All four indictments arose from events which occurred 30 March 1996. On 27 November 1996, defendant filed a motion to suppress drug evidence seized pursuant to a search warrant executed at his premises. The trial court conducted a *voir dire* after which it entered extensive findings and conclusions in upholding the search and admitting the evidence obtained. Following the trial court's denial of his motion to suppress, the defendant, on 1 April 1997, entered a plea of guilty to the charges against him with the condition that "defendant may appeal the denial of his motion to suppress." Pursuant to a plea agreement between defendant and the State, the trial court consolidated the cases for judgment and sentenced defendant to imprisonment for a minimum of seventy months and a maximum of eighty-four months and to pay a fine of $100,000.00. Defendant appeals pursuant to the plea agreement. Defendant's appeal is properly before this Court pursuant to N.C. Gen. Stat. § 15A-979 (1997), which states that an appeal from a final order denying a motion to suppress evidence may be taken from a judgment of conviction, including a judgment entered upon a plea of guilty.

Defendant first contends that the trial court committed reversible error in denying his motion to suppress because the seizure and search of the white plastic trash bags placed by defendant in a communal dumpster violated his expectation of privacy and was an unreasonable search and seizure; therefore, all evidence obtained pursuant to that search and subsequent warrant should be suppressed.

**[2]** In *State v. Hauser*, 342 N.C. 382, 464 S.E.2d 443 (1995), the North Carolina Supreme Court held that the Fourth Amendment does not prohibit the warrantless search and seizure of garbage after it has been collected by the garbage collector and given to the police, although defendant left it for collection in the curtilage of his home. Curtilage is defined as "the area around the home to which the activity of home life extends." *Oliver v. United States*, 466 U.S. 170, 182, 80 L. Ed. 2d 214, 226, n. 12 (1984). "At common law, the curtilage is the area to which extends the intimate activity associated with the 'sanctity of a man's home and the privacies of life,' and therefore has been considered part of the home itself for Fourth Amendment pur-

poses." *Id.* at 180, 80 L. Ed. 2d at 225 (citation omitted). The United States Supreme Court has further defined the curtilage of a private house as "a place where the occupants have a reasonable and legitimate expectation of privacy that society is prepared to accept." *Dow Chemical Co. v. United States*, 476 U.S. 227, 235, 90 L. Ed. 2d 226, 235 (1986).

**[3]** In *Hauser*, a detective was conducting a drug investigation and made arrangements with a sanitation worker to collect defendant's garbage from defendant's property in the usual fashion and then turn it over to the police. The sanitation worker agreed to keep it separate from other garbage, ensuring that it was positively identified when given to the police. The search of the garbage yielded cocaine residue, and this information was used as the basis for obtaining a search warrant that ultimately led to the defendant's arrest. In *Hauser*, this Court stated the factors which must be considered in determining whether there is an objectively reasonable expectation of privacy are: (1) the location of the garbage, (2) the extent to which the garbage is exposed to the public or out of the public's view, and (3) "whether the garbage was placed for pickup by a collection service and actually picked up by the collection service before being turned over to the police." *Hauser* at 386, 464 S.E.2d at 446. Focusing on these factors, the Court stated:

> While the defendant may have retained some expectation of privacy in garbage placed in his backyard out of the public's view, so as to bar search and seizure by the police themselves entering his property, a different result is dictated when the garbage is collected in its routine manner. The clear intention to convey the garbage to a third party, so as to allow the trash collector to make such use and disposal of it as he desires, is a factor which merits substantial weight in considering any expectation of privacy. Under these conditions, we are persuaded that the defendant retained no legitimate expectation of privacy in his garbage once it left his yard in the usual manner.

*Hauser*, 342 N.C. at 388, 464 S.E.2d at 447. In making this determination, the Court relied on the holding of *California v. Greenwood*, 486 U.S. 35, 100 L. Ed. 2d 30 (1988). The Court stated that the warrantless search of garbage by police only violates the Fourth Amendment if the defendant manifested a subjective expectation of privacy in the garbage, an expectation which society would be willing to accept as objectively reasonable.

**[4]** In the present case, defendant left his garbage in a communal dumpster in the apartment complex where he resided. While the dumpster was for the use of certain residents, it was not defendant's private property, was located approximately 125 to 150 feet from his residence and was accessible to other apartment dwellers and passers-by. The dumpster may not have been in public view but defendant has presented no evidence that public access to the dumpster was restricted. It is clear that like the defendant in *Hauser*, defendant in the case *sub judice* had the intention to convey the garbage to a third party when he abandoned the trash bags in the communal dumpster. At that point, the waste management service whose name was on the dumpster had effectively "collected" the garbage. Based on the factors outlined in *Hauser*, we hold that the communal dumpster was not within the curtilage of defendant and he therefore retained no legitimate expectation of privacy in his garbage once he placed it in said dumpster. Therefore, the warrantless search of the dumpster did not violate the Fourth Amendment of the United States Constitution or Article I, Section 20 of the North Carolina Constitution and the motion to suppress was properly denied by the trial court.

Defendant next assigns error to the trial court's denial of his motion to suppress evidence on the basis that the application for the search warrant was deficient under N.C. Gen. Stat. § 15A-244(3) (1997) in failing to particularly set forth the facts and circumstances establishing probable cause, that the warrant was therefore not issued upon a proper finding of probable cause as required by N.C. Gen. Stat. § 15A-245(b) (1997), and that the warrant in question was a "general warrant" prohibited under Article I, Section 20 of the North Carolina Constitution.

The scope of review on appeal is limited to those issues presented by assignment of error in the record on appeal. *Koufman v. Koufman*, 330 N.C. 93, 408 S.E.2d 729 (1991). In order to preserve a question for appellate review, defendant must have: (1) presented to the trial court by his motion the specific grounds for the ruling desired; (2) obtained a ruling on the specific grounds, N.C.R. App. P. 10(b); and, (3) stated plainly and concisely in his assignment of error the legal basis for which the error is assigned, N.C.R. App. P. 10(c). The record reflects that at the time defendant entered his plea, he only wished to preserve his right to appeal the denial of the motion to suppress on the grounds of unreasonable search and seizure, which we have previously analyzed. The transcripts reveal that defendant's

claims in his second assignment of error were not presented to the trial court, and it consequently did not rule on these issues. The appellate courts will not consider arguments based upon matters not presented to or adjudicated by the trial tribunal. *State v. Eason*, 328 N.C. 409, 402 S.E.2d 809 (1991). Further, defendant has not specifically and distinctly contended that any of the foregoing amounts to "plain error" and therefore they may not be made the basis of an assignment of error under Rule 10(c)(4) of the North Carolina Rules of Appellate Procedure. Defendant has waived plain error review by failing to allege in his assignment of error that the trial court committed plain error. *State v. Truesdale*, 340 N.C. 229, 456 S.E.2d 299 (1995). Based upon the foregoing, defendant's second assignment of error is not properly before this Court and is therefore dismissed.

Affirmed.

Judges WYNN and WALKER concur.